FARMER, J.,
concurring specially.
I concur in the opinion for the Court and write only to append a personal note.
Post-conviction relief was meant to be infrequently used, coming as it does after a trial and a full appeal, whose processes are designed to eliminate errors in conviction and punishment. But after Clarence Earl Gideon filed his hand-drawn petition for post-conviction relief in the United States Supreme Court[3] and was instrumental[4] in fundamentally changing criminal procedure in this country, Judges shrink in horror at the prospect of missing that rare entreaty with serious merit.
The opinion makes clear that routine post-conviction filings have since become customary in all serious felony cases. Camus once wrote that there is no limit to the fancies indulged by the captive. We are ever being reminded of his truth in these petitions. A large number are wretchedly overwrought and difficult or impossible to navigate. A very high majority of them are facially meritless. As a consequence Judges keep searching for reliable routines for realizing that singular snippet of truth hidden deep in a mountainous mire of post-conviction excess, the rare one justly demanding relief.
I doubt the exhortation to prisoners to do more with less will reduce our mountain. And so I agree — unhappily—that some change in the post conviction statutes and rules is perhaps warranted.

. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

. With some assistance, to be sure, from Abe Fortas.